IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 23-32956-H4-13 |
| **James Leon Pereira** | § | |
| | § | |
| | § | |
| | § | |
| DEBTOR | § | CHAPTER 13 |

<u>MOTION TO EXTEND AUTOMATIC STAY</u>

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Comes now James Leon Pereira, Debtor, and filed this Motion to Extend Automatic Stay and would respectfully show as follows:

1. Debtor filed previous bankruptcy case number 22-33595-H4-13. The previous case was pending within one year of the filing date of this case. Debtor seeks to extend the Section 362 stay in this case and shows the Court that this case is filed in good faith.

2. In the previous case, the Chapter 13 Trustee filed a Motion to Dismiss on 2/7/2023. See Doc. No. 25. The Trustee's Motion to Dismiss alleged failure to make required payments and appear at meeting of creditors as grounds for dismissal.

3. The Court granted the Trustee's Motion to Dismiss by order signed on 5/15/2023. See Doc. No. 45.

4. Debtor filed the instant bankruptcy proceeding on 8/1/2023.

5. Debtor did attend the reset meeting of creditors in his last case but was unable to make Chapter 13 plan payments in the previous case because his wage order was not deducting. Debtor did not understand that he had to send in the payments that were not deducted. Due to a miscommunication with his prior counsel not all documents were timely provided and debtor's case was dismissed before he could catch up on his payments.

6. Since the dismissal of the previous case, Debtor has obtained new counsel. Debtor understands he must make payments every month until they are deducted from his wages. Debtor is in touch with his counsel and prepared to provide any additional signatures or paperwork that is required in his case.  Debtor's current income will allow Debtor to successfully complete this Chapter 13 plan.

7. Debtor filed this bankruptcy proceeding in good faith so Debtor may protect his homestead, reorganize his debts, and receive a discharge.

8. The automatic stay should be extended as to all creditors on the basis that Debtor filed this case in good faith to complete the Chapter 13 plan. The change in Debtor's financial circumstances evidences Debtor's ability to make all plan payments as required.

9. The automatic stay should be extended as to the secured creditors listed on Schedule D. Debtor's homestead is necessary to an effective reorganization.

10. The automatic stay should be extended as to Debtor's priority and general unsecured creditors listed on schedules E and F. Were these creditors not stayed during the term of this bankruptcy proceeding, the collection efforts would impair Debtor's ability to successfully complete this Chapter 13 Plan.

11. To the extent that the stay was lifted in a previous case as to any real property still in Debtor's possession, Debtor requests the automatic stay be imposed pursuant to 11. U.S.C. § 362(b)(20).

Premises considered, Debtor requests that the Court grant this Motion to Extend Automatic Stay. A form of Order is submitted with this motion.

Respectfully submitted,
THE KEELING LAW FIRM

/s/Kenneth A. Keeling
Kenneth A. Keeling; TBN 11160500
Yolanda Gutierrez;TBN 24041028
Cristina Rodriguez; TBN 24049980
Rebecca Keeling; TBN 24083295
3310 Katy Freeway, Suite 200
Houston, Texas 77007
Tel: (713) 686-2222; Fax (713) 579-3058
legal@keelinglaw.com

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that a true and correct copy of the foregoing Motion to Extend Automatic Stay has been served on all parties by electronic service or by United States First Class Mail on August 4, 2023, as follows:

<u>UNITED STATES TRUSTEE</u>
United States Trustee
515 Rusk, Ste. 3516
Houston, TX   77002

<u>CHAPTER 13 TRUSTEE</u>
David G. Peake
9660 Hillcroft Suite 430
Houston, TX 77096

<u>DEBTOR</u>
James Leon Pereira
910 Vista Bend Dr.
Houston, TX 77073

<u>CREDITORS</u>

| | | |
|---|---|---|
| ACS Primary Care Phys SW PA<br>PO Box 1123<br>Minneapolis, MN 55440-1123 | Barclays Mortgage Trust 2021-NPL1<br>c/o Gregory Funding LLC<br>PO Box 230579<br>Tigard, OR 97281 | Barret Daffin Frappier Turner & Engel,<br>4004 Belt Line Rd Ste. 100<br>Addison, TX 75001 |
| Harris County<br>Ann Harris Bennett - Tax Assessor<br>P. O. Box 3547<br>Houston, Tx   77253-3547 | HARRIS COUNTY MUD<br>11111 Katy Freeway Suite 725<br>Houston TX 77079 | Hoover Slovacek LLP<br>c/o Curtis W. McCreight<br>Galleria Tower II<br>5051 Westheimer, Suite 1200<br>Houston, TX 77056 |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Northview HOA<br>921 Northacre Drive<br>Houston, TX 77073 | Paramount Capital Group<br>Attn: Bankruptcy<br>PO Box 62406<br>King of Prussia, PA 19406 |
| Perdue, Brandon, Fielder, Collins & Mott<br>c/o Melissa E. Valdez<br>1235 North Loop West Ste 600<br>Houston, TX 77008 | SPRING INDEPENDENT SCHOOL DISTRICT<br>PO BOX 90458<br>HOUSTON TX 77290 | |

                                                                      /s/Kenneth A. Keeling
                                                                      Kenneth A. Keeling